IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF KANSAS

| | |
|---|---|
| GLORIA A. HILL, | ) |
| | ) |
|        Plaintiff, | ) |
| | ) |
| v. | )   Case No. 06-1371 |
| | ) |
| MICHAEL J. ASTRUE, | ) |
|    Commissioner of | ) |
|    Social Security, | ) |
| | ) |
|        Defendant. | ) |

ORDER

Now before the court is the review of the final decision of the Commissioner of Social Security denying Gloria A. Hill disability insurance benefits and supplemental security income payments. The matter was referred to the Magistrate Judge for a recommendation and report pursuant to Rule 72 (b), Federal Rules of Civil Procedure. The Recommendation and Report was filed on October 4, 2007. Neither party filed an objection to the Report.

The Magistrate Judge recommended the decision of the Commissioner be reversed, and the case be remanded for further proceedings (sentence four remand). In the Recommendation and Report (Doc. ), the Magistrate Judge found four errors in the analysis of the Administrative Law Judge (ALJ). First, the court ruled the ALJ gave "substantial weight" to incomplete reports contained within the administrative record. The administrative record is a necessary and required part of the record on appeal. <u>Goatcher v. United States Dep't of Health and Human Services</u>, 52 F.3d 288, 289 (10th Cir. 1995). On remand, the ALJ should include in his analysis the missing documents from the record.

Second, the court ruled the ALJ erred in his analysis of the medical opinion of Dr. Seifert.  The ALJ failed to give consideration to th MMPI-2 testing completed by Dr. Seifert, finding he was not qualified to interpret the results of such testing.  However, the ALJ failed to discuss the qualification of the doctor in interpreting the results of the test, and failed to cite any authority regarding why he is not qualified.  On remand, the ALJ should give proper weight to Dr. Seifert's opinion and the results of the MMPI-2 test.

Third, the court found the ALJ erred in his analysis of the medical opinions of Dr. Brewer.  The magistrate judge discovered the record was out of order, which may have effected the analysis of the ALJ.  Also, the ALJ did not give proper consideration to the opinions of Dr. Brewer.  The medical opinion of Dr. Brewer was consistent with the medical opinion of other doctors, yet the ALJ did not discuss the consistencies, and determined the medical opinion of Dr. Brewer was not supported by the evidence.   On remand, the ALJ should consider the records of Dr. Brewer in their entirety, and discuss the medical opinion of Dr. Brewer in relation to the medical opinion of the other physicians.

Fourth, the court found the ALJ must reconsider the findings in step two, three, and four, including the RFC findings.  Proper consideration was not given to the opinions of the doctors and there were missing portions of the record, as discussed above.  Therefore, after the ALJ corrects the errors set out in the Report and Recommendation, the analysis of steps two, three, and four should be reexamined.

IT IS ORDERED that the Recommendation and Report of Magistrate Judge Reid (Doc. 13) be adopted by this Court; and

IT IS FURTHER ORDERED that the decision of the Commissioner be REVERSED, and

this case be remanded to the Commissioner, with directions to conduct further proceedings in accordance with the standards set out in the Report.

SO ORDERED this 10th day of December, 2007.

s/ Wesley E. Brown  
Wesley E. Brown  
U.S. Senior District Judge